MIGUEL MARTORELL ET UX., Plaintiffs and Appellees, v. THE MUNICIPALITY OF DORADO ET AL., Defendants and Appellants.

No. 9668. Argued May 12, 1949.—Decided July 28, 1949.

Samuel R. Quiñones for appellants. Rafael Rivera Zayas, Gaspar Rivera Cestcro, and Milton F. Rúa for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The lower court sustained the complaint in this case based on two conclusions of law, to wit: (1) that in injunction proceedings to recover and retain possession, (interdictos) the plaintiff must allege and prove only that he was in possession or tenancy of the property within the year preceding the filing of the complaint and (2) that although the possession enjoyed by plaintiff during eight months had been originally obtained by violence or by clandestine acts, it may be protected, by injunction to recover possession, from the forcible action of the. defendant depriving him of said possession, and that as a consequence, § 373 of the Civil Code [1] is not applicable to the instant case. These two conclusions serve as ground for the first two errors assigned ·by appellants.

In the amended complaint it was alleged that the plaintiffs are in material possession of certain farms located in Dorado; that a road which is also owned by plaintiffs and which is known as "La Sardinera" runs through these farms; that defendants disturbed the plaintiffs in their possession and tenancy of part of these farms removing and advancing the fences which separated the road from the rest of the property, thus depriving the plaintiffs from three strips of land.

Although the plaintiffs sought possession of "La Sardinera" road—which according to the Municipality of Dorado

---

[1] Section 373 of the Civil Code (1930 ed.) provides:

"Section 373.—Acts merely tolerated and those clandestinely executed, without the knowledge of the possessor of a thing, or with violence, do not affect possession."

is a public road—in a pre-trial conference the controversy was limited solely and exclusively to the possession of the three strips of land adjacent to the afore-mentioned road.

The lower court rested its findings on the testimony of Alfonso López, Clerk Auditor of the Municipality of Dorado, the only witness which the Court apparently believed, and stated the following:

"After two days of trial, defendant Alfonso López, Clerk Auditor of the Municipality of Dorado, was called to testify. López said that when they discovered that the fence of "La Sardinera" road had been removed, they went to the site and verified the fact; that Martorell had removed the fence from where it was in the upper part of the side slope along the road, narrowing the latter and enlarging his farm; that they complained to Martorell and he admitted having moved the fence and alleged that the road was his. So much as to the three strips of land. With respect to the farm on the road belonging to Miss Livingston, López testified that that fence did not exist, but that about eight months previously Martorell set the fence in such a way as to close the road of the farm which had belonged to Miss Livingston and now belongs to Martorell; that sometime during the second fortnight in July of this year he, with the help of some laborers and by order of the Mayor, moved the afore-mentioned fence from where it previously was to within "La Sardinera" farm. They had to cut the fence wires which Mr. Martorell had erected. He explained that the action of the Municipality took place seven months after Martorell had removed the fence in the two strips of land at the end of the road to the shore. As to the strip of land where the roads begins, that is, the Dorado-Vega Baja road, the removal of the fence was affected, first by Martorell and again by the Municipality within a lapse of two months. Notwithstanding all the other contradictory testimony, for the purpose of disposing of this suit, we accept that the facts involved in this case are as described by codefendant Alfonso López. . ."

In *United P. R. Sugar Co.* v. *Heirs of Sánchez*, 61 P.R.R. 190, 193, in construing subdivision 1 of § 2 of the Act to Provide Proceedings for the Recovery of Possession of Real Property (Act No. 43 of March 13, 1913) as amended by

Act No. 11 of November 14, 1917 (§ 691 of the Code of Civil Procedure),[2] we held that said subdivision 1 of § 2, *supra,*" must be construed to mean what it says, namely: 'within the year preceding the filing of the complaint,' not for more than a year preceding the date of the alleged disturbance."

██ We also held that § 373 of the Civil Code, *supra*, was not applicable to injunctions to recover possession since plaintiff was not bound to allege that he had not obtained possession by violence or by clandestine acts and that §§ 375 and 1868 of said Code did apply.[3]

██ To the same effect, in *Pérez v. Pérez*, 38 P.R.R. 676; *Maldonado v. Colón*, 68 P.R.R. 317; *Jiménez v. Fletcher*, 67 P.R.R. 153, and others, we have always held that the question to be decided in these cases is whether plaintiff was in possession on a given date within the year preceding the filing of the complaint and whether he was deprived of such possession. The cases of *Roman Catholic Church v. Puig*, 52 P.R.R. 747, and *Avila v. Náter*, 60 P.R.R. 624, cited by appellants, do not hold otherwise. In these cases it was stated that if in the complaints it was alleged that the plaintiffs had been in possession for a number of years and the disturbance had occurred within the year previous to the filing of the complaints, the same alleged sufficient facts under § 691, *supra*.

 The reason is obvious. If the disturber is in possession for a year, the action of the former possessor pre-

---

[2] "Section 691.—(2L.) (*As amended by Act of November 11, 1917, page 222.*) That complaint shall be drafted and sworn to pursuant to the provisions of the Code of Civil Procedure and shall set forth:

"(1) That the complainant was within the year preceding the filing of the complaint in the actual possession of the property described in said complaint if it is sought to recover it, and was and is in possession thereof if it is sought to retain it."

[3] Said Sections, in their pertinent part, provide:

"Section 375.—Every possessor has a right to be respected in his possession; and if he be disturbed therein, he shall be protected or reinstated in such possession by the means established in the laws of procedure."

"Section 1868.—The following prescribe in one year:

"1. Actions to recover or retain possession."

scribes—§ 1868 of the Civil Code, *supra*—and the possession of the disturber is consolidated making the plenary action necessary. To that effect Manresa, in his commentaries on § 446 of the Spanish Civil Code, equivalent to our § 375, says:

"*Every possessor*, according to § 446, has a right to be respected in his possession. Is a person who has been less than a year in the tenancy of the thing or in the exercise of the right a possessor? We believe this is an undisputed fact, because there is no provision requiring such a period or a more or less limited length of time in order to attain the status of possessor. A, who is dispossessed of his tenancy seven months after being in possession, institutes an injunction to recover possession against the disturber or dispossessor; on what ground may the court deny the complaint, if the only requirement is proof of the acts of disturbance and of the possession, and both exist, and besides, a year has not elapsed after the dispossession? . . .

" . . . . . . . . .

"Lastly, that the distinction between possession for more and for less than one year has some significance, is indubitable as we have already shown. This is a question of the right to possession. Let the one who has lost it try to regain it, either by injunction, or by any other means, and he shall see how burdensome that year becomes. . . ." Manresa, *Comentarios al Código Civil*, Vol. IV, 5th ed., pp. 204 and 207.

And as to the second question, the same author in his commentaries on §§ 1651 and 1652 of the Spanish Law of Civil Procedure, dealing on injunctions to recover possession (*interdictos*) maintains that:

" . . . injunction to recover possession (*interdicto*) is available to any one *in possession or tenancy* of the thing, whether a lawful or unlawful possessor.' And it has been so decided, not only in consonance with the highest authority but also with the most convenient *since if the dispossession is an attempt against public order,* it should be checked instantly without taking into consideration the title under which the dispossessed possessed, in order to avoid ensuing disturbances, and to prevent anyone from taking justice in his own hands.

"From the foregoing it may. be deduced that the injunction to recover possession *not only concerns the owner* and the person enjoying the usufruct, who have *juridical possession,* but it also concerns the tenant, lessee, colono, depositary and borrower, as well as the person who has the thing in pledge, and *even one who has it by violence, clandestinely or by prayer, who merely has the tenancy of the thing.* They may file it provided they be dispossessed of said possession or tenancy; and against whoever caused the dispossession, either by himself, by his order or through his servants or dependents, or any other person whatsoever. . . ." (Italics ours). Manresa, *Comentarios a la Ley de Enjuiciamiento Civil,* Vol. VI, 3rd ed., pp. 148–49.

■ This action does not determine who has the right to possession of the parcels of land in controversy, whether plaintiff or defendant. Its only purpose is to "decide *provisionally* the *question* of possession without prejudice to the right of these interested parties," inasmuch as "By its own nature, the decisions in regard thereto do not decide anything final. . ." (IV Manresa, *supra,* p. 190) The right to possession should be discussed in the proper plenary suit. The court did not err in so deciding.

■ The third assignment is without merit. The defendants introduced a map of "La Sardinera" road in evidence. The plaintiffs objected and the court refused its admission and ordered that it be marked as evidence offered but not admitted. Then the defendants took an exception but in the same breath they stated:

". . . We have no. desire then to introduce it. Does the plaintiff wish it to remain in evidence?

"Plaintiffs: No." (Transcript of evidence, 2nd part, p. 105.)

If the appellants themselves withdrew the map because "they [had] no desire. . .to introduce it" and in fact the map has not been sent up to this Court, there is no ground to support the alleged error.

The judgment will be affirmed.